NATIONAL LABOR RELATIONS BOARD
v. M. LOWENSTEIN & SONS, Inc.

Circuit Court of Appeals, Second Circuit.

July 8, 1941.

Gerhard P. Van Arkel, of Washington, D. C., for motion.

Irving D. Lipkowitz, of New York City, opposed.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This is a motion to adjudge the respondent in contempt for violation of an order of this court entered by consent on October 24, 1938, which "enforced" an order of the Board of March 26, 1938, and dismissed the respondent's petition to set aside that order. The Board's order first directed the respondent to "cease and desist" from all those activities described in § 7 of the National Labor Relations Act, 29 U.S.C.A. § 157, which it set out in the exact words of that section. Next, it directed the respondent to stop "dominating or interfering with the administration of the Employees' Group of M. Lowenstein

& Sons, Inc., or any other labor organization of its employees," and to stop "contributing support to the Employees' Group of M. Lowenstein & Sons, Inc., or to any other labor organization of its employees." As affirmative relief it directed the respondent to withdraw all recognition from the "Employees' Group," to disestablish it, and to post the usual notices. The occasion of the original controversy was that an unaffiliated union had arisen in the respondent's factory which the Board found that the respondent had unduly fostered, in this way interfering with the efforts of an affiliated union of the Congress of Industrial Organizations to establish a local of its own. The respondent complied with the injunction: i. e. it disestablished the old unaffiliated union and apparently for the next two years did nothing which could be regarded as a violation of what had been forbidden. The Board now asserts, however, that, beginning with December of last year and continuing into March of this year, it has resumed its earlier activity, following the very letter of the original. That is to say, it has been interfering with the efforts of Local 16 of the "United Office and Professional Workers of America" (affiliated with the Congress of Industrial Organizations) to organize the respondent's employees, by fostering an unaffiliated union, though it is true that this is an entirely new one having no connection with the first. The question is whether we should proceed by contempt, as the Board wishes, or should require it to institute a new proceeding.

We think that this new "unfair labor practice" falls within those words just quoted from the order: "dominating or interfering with * * * any other labor organization of its employees;" and for this reason we need not determine the effect of N. L. R. B. v. Express Publishing Company, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. ——, upon the general clause cast in the exact words of § 7. However, it does not follow because the acts complained of were violations of our order that we should proceed by contempt. For example, in patent suits it is our practice, when the defendant produces a new device after having been enjoined, to require the plaintiff to proceed by supplemental bill, unless it is very clear that the changes from the machine which has been already held to infringe, are obviously no more than an effort to circumvent the decree. Frank F.

Smith Metal Window Hardware Co. v. Yates, 2 Cir., 244 F. 793; Radio Corporation v. Cable Radio Tube Corporation, 2 Cir., 66 F.2d 778, 783; Better Packages, Inc., v. L. Link & Co., 2 Cir., 68 F.2d 904, 906. It seems to us that this analogy does not hold in the circumstances at bar. In the first place, the Board appears before us in the role of a prosecutor who has already decided substantially the same case against the respondent; that alone would make us pause. But there is more. The situation is not, as it is in patent cases, one where it is desired merely to test the legality of an act which it is proposed to repeat indefinitely; the only issue tendered is whether the respondent has really done what the Board charges; the illegality of what is charged has already been determined. Again, since the upshot of a new proceeding could be no more than a new injunction, the respondent would never be brought to account for what by hypothesis is contumacy of the existing injunction. Indeed it is not altogether fantastic to suppose that over a period of years it might in this way avoid all accountability for a continued series of such wrongs. For these reasons it seems to us that some remedial measures are presently necessary, if the facts are as the Board asserts, and that we should not remit it to a new proceeding.

We appoint Francis H. Horan, Esq., master to hear the testimony and report his findings of fact and conclusions of law to this court.

SWAN, Circuit Judge (dissenting).

Pursuant to the procedure contemplated by section 10 of the National Labor Relations Act, 29 U.S.C.A. § 160, when a charge of unfair labor practice is made against an employer the Board may issue a complaint "stating the charges in that respect" and, after notice and hearing, if the charges are sustained, shall issue and cause to be served an order requiring the employer to cease and desist "from such unfair labor practice." The complaint necessarily refers to specific conduct by the employer and the order requires him to cease from such specific conduct; but the Board's practice in drafting its orders has been to follow the specific injunction with more general language. For example, where the charge is domination, the order, as in the case at bar, enjoins the employer from dominating a named union "or any other labor organization of its employees";

and the enforcement orders issued by the courts have taken similar form. This is well enough provided the general language be interpreted to mean another labor organization having some relation to the one ordered disestablished. But in my opinion it should not serve as a basis for prosecuting, as a contempt of court, an independent unfair labor practice committed years later. See National Labor Relations Board v. Pacific Greyhound Lines, 9 Cir., 106 F.2d 867. It is not, I think, the design of the statute that the courts shall police all future conduct of an employer because of one specific violation of the Act. If the later violation is independent of and unrelated to the former, even though of the same general type, the Board should be required to institute a new proceeding of the character provided for by section 10.