## NATIONAL LABOR RELATIONS BOARD v. STAR METAL MFG. CO., Inc.

### In re STAR METAL MFG. CO., Inc., et al.

### No. 9981.

United States Court of Appeals
Third Circuit.

Argued Jan. 5, 1951.

Decided March 6, 1951.

Julius G. Serot, Washington, D. C., for appellant.

Samuel Abramson, Philadelphia, Pa., for appellees.

Before BIGGS, Chief Judge, and MARIS and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

The National Labor Relations Board petitioned this court for an order adjudging Star Metal Manufacturing Co., Inc., its officers and agents, and specifically its president, Abraham S. Levin and his assistant, Jerome P. Heilweil, in civil contempt of this court by reason of their refusal and failure to comply with and obey a decree of this court filed on June 29, 1949. The Board also requested this court to institute *sua sponte* a prosecution in criminal contempt against Star Metal, Levin and Heilweil by reason of their wilful and deliberate failure and refusal to comply with and obey the decree of this court referred to. We issued a rule to show cause returnable on January 5, 1951 and on that day in open court Levin and Heilweil appeared personally and by counsel and Star Metal appeared by counsel. Levin and Heilweil personally and by counsel admitted that each of them was in civil contempt and each of them pleaded guilty to being in criminal contempt of this court. Star Metal by its counsel made a similar admission as to its being in civil contempt and by its counsel also pleaded guilty to being in criminal contempt. The court heard testimony on behalf of the respondents and on behalf of the Board respecting the penalties which should be imposed.

■ The respondents clearly were guilty of both civil and criminal contempt. Nonetheless Star Metal, after the contempt proceedings had been commenced, had bargained collectively with the union and had executed a contract with its employees as a result of that bargaining. While the attitude of Levin and Heilweil had been contemptuous, nonetheless they expressed sincere regret of their intransigeance and threw themselves upon the mercy of the court. In view of these facts the court concluded that the sentences of the individual respondents should not include terms of imprisonment. The court was of the opinion, however, that the penalties imposed should be sufficient to bring home to the respondents the seriousness of the charges made against them and the illegal nature of their conduct. Accordingly, the court has concluded that Levin shall be fined in the sum of $1,000 for his criminal contempt and that Heilweil shall be fined in the sum of $100 for his criminal contempt. The respondents shall pay to the National Labor Relations Board the sum of $757.86 which represents expenses necessarily incurred by the Board in connection with the prosecution of the petition in civil contempt, including counsel fees and other expenditures incurred in the investigation, preparation, presentation and final disposition of the petition.

■ A decree will be entered accordingly but it will not be in the precise form requested by the Board. We will not include a paragraph which would compel Star Metal, Levin and Heilweil to purge themselves of their civil contempt by bargaining collectively with Office Employees International Union Local No. 14, A. F. of L. In our decree of enforcement entered on June 29, 1949 we included a permanent mandatory injunction which directed such bargaining. That order remains in force and any future refusal to bargain may be made the subject of later contempt proceedings, if necessary. What the Board in substance seeks in this connection is another and additional mandatory injunction to the same effect as that of June 29. To follow the Board's suggestion would draw us into a procedural quagmire if further contemptuous conduct should be shown in the future. For example if we should include a direction to bargain collectively in our contempt order in addition to that already contained in the June 29 decree, would a future violation be a contempt of the contempt order, a species of contempt in the second degree, or should we ignore the provision in our contempt order and rest punishment for the later contempt upon the provisions of the decree of June 29 alone? We will not complicate a legal situation which is now clear enough.