## NATIONAL LABOR RELATIONS BOARD v. ISRAEL PUTNAM MILLS,
### Inc., et al.
### Docket 21560.

United States Court of Appeals
Second Circuit.

Argued May 5, 1952.

Decided May 29, 1952.

---

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, Winthrop A. Johns, Asst. General Counsel, Julius G. Serot and James V. Constantine, Attorneys, National Labor Relations Board, all of Washington, D. C., for petitioner.

Ericson, Politis & Gleason, New Britain, Conn., Roger F. Gleason, New Britain, Conn., of counsel, for respondents.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board for an order adjudging Israel Putnam Mills, Inc., and Michael A. Bergin, an officer of the corporation, in civil and criminal contempt of this court by reason of their failure to comply with the decree of this court entered January 26, 1950, which directed the corporation and its officers and agents upon request to bargain collectively with Textile Workers Union of America (CIO). The respondents have filed a verified answer to the petition, praying that the petition be dismissed, and have pleaded not guilty to the charge of criminal contempt. By letter dated March 16, 1950 the union requested a conference for the purpose of negotiating a collective bargaining agreement covering wages, hours and conditions of employment. After much procrastination the company and Mr. Bergin, upon prodding by the Board, met with representatives of the union, but nothing was accomplished during these meetings. The company took the position that its financial condition was such as to make impossible any modification of its existing working conditions. This was precisely the attitude which our decree of January 26, 1950 held to be no justification for refusal to bargain collectively. Although several reported contempt cases for failure to bargain collectively seem to be based on admissions of recalcitrance, N.L.R.B. v. Star Metal Mfg. Co., 3 Cir., 187 F.2d 856, or on a failure even to meet with the union, Great Southern Trucking Co. v. National L. Relations Board, 4 Cir., 139 F.2d 984, certiorari denied 322 U.S. 729, 64 S.Ct. 944, 88 L.Ed. 1564, cases reviewing orders of the Board indicate clearly that the duty to bargain in good faith is not satisfied by merely meeting with union representatives to inform them that the employer cannot or will not change its position. See Rapid Roller Co. v. National L. Relations Board, 7 Cir., 126 F.2d 452, 459, certiorari denied 317 U.S. 650, 63 S.Ct. 45, 87 L.Ed. 523; National L. Relations Board v. George P. Pilling & Son Co., 3 Cir., 119 F.2d 32, 37; National L. Relations Board v. Westinghouse Air Brake Co., 3 Cir., 120 F.2d 1004, 1006. In the case at bar this is all the meetings amounted to; the respondents even refused the union's suggestion to bargain as to non-monetary matters. Without reciting the respondents' conduct in detail it will suffice to say that it shows an intransigent determination to make no effort to negotiate in good faith as to any of the matters proposed by the union for incorporation in a collective bargaining agreement. We therefore adjudge the respondents in civil contempt and direct that within 30 days they report to the court what steps they have taken to purge them-

selves of such contempt. Decision on the charge of criminal contempt will be held in abeyance pending the return of the respondents' report as to purging themselves of civil contempt.