**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL HOD CARRIERS', BUILDING & COMMON LABORERS' UNION OF AMERICA, LOCAL 210, AFL, Respondent.**

**Docket 22428.**

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1955.
Decided Dec. 22, 1955.

Theophil C. Kammholz, David P. Findling, Winthrop A. Johns, Julius G. Serot and Walter N. Moldawer, Washington, D. C., for petitioner.

Anthony Manguso, Buffalo, N. Y., for respondent.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

■ 1. The findings of the Special Master are not to be set aside unless clearly erroneous. In N. L. R. B. v. Remington Rand, 2 Cir., 130 F.2d 919, 925, we held that Federal Rule of Civil Procedure, rule 53(e) (2), 28 U.S.C.A.—which provides that a Master's findings stand unless clearly erroneous—would be applicable, by analogy, to findings of a

Master appointed by a court of appeals. See also 5 Moore, Federal Practice (2d ed.) § 53.12. This is especially true where, as in this case, the evidence consists primarily of oral testimony, and where "demeanor evidence" played an important part in the Master's determinations. We hold that the Master's findings, amply supported by the evidence, are not clearly erroneous, and we hereby affirm them.

■ 2. Respondents claim that the Master committed error in his rulings on the admissibility of certain evidence. The only specific instance cited by respondents is the admission of hearsay evidence relating to the Gunite job. But in N. L. R. B. v. Remington Rand, supra, at page 930, we held that it was not error for the Master to receive hearsay. We cited cases holding that the Board itself, in entering an order, may act on such evidence where it is of the kind " 'on which reasonable men are accustomed to rely in serious affairs' "; and we said that the same doctrine applies to a hearing concerning a violation of our decree enforcing a Board's order. Here, the hearsay was of the kind above described. Moreover, there was ample non-hearsay evidence on the same issue of fact.

■ 3. Respondents also contend that the Master erred in refusing to pass on their motion to dismiss at the end of the petitioner's evidence because of the insufficiency of the evidence. The Master refused to do so because he felt he was not so authorized under the terms of the order of reference. We think he acted properly.[1] Respondents allege that they were "compelled" to testify against themselves in violation of their constitutional rights, since otherwise, they would have defaulted in their proof. They contend that, when they proceeded to put in evidence after the Master failed to sustain their motion to dismiss, they did not waive their motion. They say that the situation is unlike that of a defendant in court,[2] because the Master had no power to dismiss at the close of the Board's case. But respondents put in their evidence voluntarily; and before the Master, as in court, they could have stood on their motion.

■ 4. We agree with the Master that respondents have violated the Act and the decree of this court with respect to all three of the jobs involved, and that each of them should be adjudged in civil contempt of court for their respective disobedience of the decree. We also agree with the Master that, beyond a reasonable doubt, the respondents have wilfully disobeyed our decree with respect to the Kenmore job of the Gentry Company and the Gunite job. However, on the specific facts of this case, we hesitate to adjudge respondents in criminal contempt. The breadth of our decree,[3]

---

1. Under the order of reference, the Master was directed to "take and report the evidence in full unless it appears that the evidence is not admissible on any ground or that the witness is privileged."

2. Where a defendant in court proceeds to put in evidence after the denial of his motion to dismiss at the end of the prosecution's case, he thereby waives his motion. See United States v. Aman, 7 Cir., 210 F.2d 344; United States v. Thayer, 7 Cir., 209 F.2d 534; Lii v. United States, 9 Cir., 198 F.2d 109; Leeby v. United States, 8 Cir., 192 F.2d 331; Gaunt v. United States, 1 Cir., 184 F.2d 284, certiorari denied 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662.

3. Since the decree was entered with the consent of the parties, respondents do not, and cannot, object to its broad scope. N. L. R. B. v. American Mfg. Co., 5 Cir., 132 F.2d 740, certiorari denied 319 U.S. 743, 63 S.Ct. 1030, 87 L.Ed. 1700; cf. Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622; N. L. R. B. v. Cheney Cal. Lumber Co., 327 U.S. 385, 66 S. Ct. 553, 90 L.Ed. 739. Therefore, we need not consider whether the requirements of N. L. R. B. v. Express Pub. Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930, and May Department Stores Co. v. National Labor Relations Board, 326 U. S. 376, 390, 66 S.Ct. 203, 90 L.Ed. 145, concerning the valid scope of a decree enforcing an order of the Board, have been met. In any event, we feel that the respondents' conduct was substantially similar to that giving rise to the decree and that hence the test of these cases has been satisfied.

the fact that the respondents' conduct is not quite the same as that originally enjoined,[4] and the fact that, since the acts involved in this proceeding, respondents have refrained from similar unlawful conduct and have not interfered with the hiring of non-union employees—all incline us to be lenient in this case. We feel that a compensatory fine for civil contempt will be an effective deterrent to similar acts of disobedience in the future, and that an additional adjudication for criminal contempt is not necessary to carry out the purposes of the Act.[5] However, our lenience in this case does not mean that we cannot, or would not, hold respondents in criminal contempt for future acts showing a wilful and intransigent refusal to comply with our decree.

It is hereby ordered that the respondents, and each of them, be adjudged in civil contempt and that they purge themselves of this contempt by:

(1) fully complying with and obeying paragraphs 2(a) and 2(b) of the decree entered herein on September 16, 1952;

(2) paying H. L. Gentry Construction Company the following:

(a) $200.00 to reimburse said company in full for the amounts paid by it to the discriminatees on the West Seneca job to make them whole for the sums which had been checked off by the company for their wages for union initiation fees and paid over to respondent, Local 210, by the company, this amount to be paid by Local 210;

(b) $503.80 to reimburse that company for one-half the amount paid by it to the discriminatees on the Kenmore job,

to make them whole for losses sustained by them as a result of their discriminatory discharge, this amount to be paid one-half each by respondent's Local 210 and Bongiovanni;

(3) immediately posting in conspicuous places at the offices of respondent, Local 210, including all places where notices to members customarily are posted, for a period of at least sixty (60) consecutive days, copies of a notice signed by respondents, stating that respondents have been adjudged in civil contempt of this court for disobeying and failing and refusing to comply with said decree, and that they will take the action in purgation ordered by the court; maintaining the posted notices in clearly legible condition throughout such posting period; furnishing similar notices to H. L. Gentry Construction Company and National Gunite Corporation for posting at their respective places of business; mailing similar signed notices, by registered mail, to the Building and Construction Trades Council of Buffalo and vicinity, and to each of the constituent unions of said Council; mailing similar signed notices, by registered mail to each of the discriminatees referred to in the Special Master's Report; and causing such notice to be published at least once a week for three consecutive weeks in a daily newspaper of general circulation in Buffalo, New York;

(4) paying to petitioner the expenses necessarily incurred by it in connection with the prosecution of the petition in civil contempt, including counsel fees and other expenditures incurred in the investigation, preparation, presentation and final disposition of the petition,[6] this

---

4. In the proceeding giving rise to our decree, the employers who were caused to discharge their non-union employees were entirely different from those involved in this contempt proceeding.

5. We do not mean to say that we disagree with our decision in N. L. R. B. v. M. Lowenstein & Sons, Inc., 2 Cir., 121 F.2d 673, where we permitted the prosecution for criminal contempt under a general decree for acts not closely identical with those originally enjoined by the decree.

On the basis of the facts in the case at bar, we feel that an adjudication for criminal contempt is not desirable.

This court has, in the past, refrained from using the criminal contempt sanction, even where it was clear that respondents had wilfully violated the court's degree. N. L. R. B. v. Israel Putnam Mills, 2 Cir., 197 F.2d 116. See also Note, 54 Col.L.Rev. 603, 606.

6. In civil contempt, such charges are properly assessable against the party found

amount to be paid one-half by respondent, Local 210, and one-fourth each by respondents Rossiter and Bongiovanni. Petitioner shall submit to the court a statement of the amount of these items;

(5) paying the fees and expenses of the Special Master of $1,573.60, this amount to be paid one-half by respondent, Local 210, and one-fourth each by respondents Rossiter and Bongiovanni;

(6) filing a sworn statement with the Clerk of this Court, and a copy thereof with the Director of the Third Region of the National Labor Relations Board, within thirty (30) days after the entry of the order of adjudication, showing the steps that have been taken by respondents to comply with the court's directions.

to have disobeyed the court's decree. See Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 447, 31 S.Ct. 492, 55 L.Ed. 797; N. L. R. B. v. Star Metal Mfg. Co., 3 Cir., 187 F.2d 856, 857; Moscovitz, Contempt of Injunctions, Civil and Criminal, 43 Col.L.Rev. 780, 806–807; Montgomery, Fines For Contempt as Indemnity to a Party to an Action, 16 Minn.L.Rev. 791, 801.