The UNITED STATES of America,
Plaintiff-Appellee,

v.

James W. OWEN, Defendant-
Appellant.

No. 11329.

United States Court of Appeals
Seventh Circuit.

April 11, 1956.

Rehearing Denied May 9, 1956.

Charles D. Snewind, Allen H. Schultz, Louis L. Biro, Chicago, Ill., for appellant.

John B. Stoddart, Jr., U. S. Atty., Marks Alexander, Asst. U. S. Atty., Springfield, Ill., Robert B. Oxtoby, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Having waived a jury, defendant Owen proceeded to trial, before the district judge, on a twenty count indictment grounded on 18 U.S.C.A. § 1341.[1] Owen was found guilty on seventeen counts and the remaining three counts

---

1. § 1341. "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,-000 or imprisoned not more than five years, or both."

were dismissed on the government's motion. Defense motions for a new trial, or in the alternative, for a judgment of not guilty notwithstanding the district judge's findings were denied. Owen was sentenced to jail for a period of one year, and fined $1,000 upon each of the seventeen counts in the indictment. All of the propositions put forward by defendant for reversing the judgment concern an alleged failure of the government to prove Owen's guilt beyond a reasonable doubt. Splinters of the same contention are presented in various guises, and are facets of the same theme, but, this, judgment of conviction must be affirmed. "If a man intentionally adopts certain conduct in certain circumstances known to him," Mr. Justice Holmes long ago wrote, "and that conduct is forbidden by the law under those circumstances, he intentionally breaks the law in the only sense in which the law ever considers intent." Ellis v. United States, 1907, 206 U.S. 246, 257, 27 S.Ct. 600, 602, 51 L.Ed. 1047. Thus while the government has the burden of proving Owen's intention to defraud under § 1341, as well as the other relevant elements of this statutory offense, the requisite state of mind is ascertained from the evidence introduced below. Section 1341 is a broad proscription of behavior for the purposes of protecting society. See e. g. Silverman v. United States, 5 Cir., 1954, 213 F.2d 405, 406; United States v. Sylvanus, 7 Cir., 1951, 192 F.2d 96, 106. Consonant with that section, the indictment charges Owen with operating a scheme to defraud by use of the mail, as a part of which Owen is alleged to have made some nineteen specific false representations, promises and pretenses concerning three specific products and two others referring to the character of the general products sold by him and value thereof coupled with a scheme and device to impede dissatisfied customers from pressing their claims.

██ Shortly stated, Owen engaged in a widely circulated advertised mail order business through which he offered a variety of African Violets, dwarf trees, and tulip trees. He is charged with making false representations as to those items and holding out, in his advertisements, a customers' guarantee, but the manner in which he responded on that guarantee constituted a device to defraud in connection with the sale of his products. In addition, this indictment charged that Owen intentionally adopted delaying tactics in order to discourage customers from making extended efforts to obtain satisfaction and fair treatment; that the merchandise sold by Owen was of an inferior character and his prices were in excess of the market value of such merchandise, though it was generally described as being of a very high type at prices far below the general market price. There is a voluminous record before us of 1988 pages of testimony and a welter of documentary evidence consisting of advertisements and correspondence by and between myriad customers and Owen's representatives, whom he employed in his businesses variously entitled "Owen Nursery," "Marie Kruse Nursery" and "Bob Richards Nursery." The weight and credibility, as well as the demeanor of the approximately 135 witnesses (customers, postal-inspectors, horticulturists, including the defendant himself) are all matters solely within the trial judge's range, inhering in his final judgment. We are satisfied that the district judge correctly disposed of the defense motions interposed below. United States v. Thayer, 7 Cir., 1954, 209 F.2d 534.

"The Government," Mr. Justice Clark declared, when delivering the majority opinion in Holland v. United States, 1954, 348 U.S. 121, 138, 75 S.Ct. 127, 137, 99 L.Ed. 150, "must * * * prove every element of the offense beyond a reasonable doubt though not to a mathematical certainty." Since the district judge decided the total issues below, it is unnecessary for us to explain the concept of reasonable doubt. We think his ultimate view of the integrated evidentiary strands woven throughout the case should remain undisturbed.

■ We are aware, as already noted, that the trial judge received both oral and documentary evidence. But Rule 23(c), Federal Rules of Criminal Procedure, 18 U.S.C.A., was not invoked, under which there might have been a request for finding the facts specially. Thus in appeals of this type, where the merits are heard and tried below without a jury, we do not function as a super-fact-finding tribunal. If the record, as here, discloses substantial evidence, United States v. Aman, 7 Cir., 1954, 210 F.2d 344, supporting the judgment appealed, that ends the matter barring, of course, any other technical points which might be raised.

The judgment of the district court is affirmed.

Affirmed.