**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William T. HOLSMAN, Defendant-Appellant.**

**No. 11759.**

United States Court of Appeals Seventh Circuit.

Nov. 19, 1956.

vember 27, 1946. Continued to March 17, 1958."

Donald R. Hellyer, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Frank J. McGarr, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Defendant appeals from a judgment of conviction, entered in the district court, following a trial without a jury. He was convicted upon a finding of guilty as charged in all fourteen counts (except the eighth count[1]) of an indictment alleging that he devised a scheme to defraud persons known as investors, by inducing them by means of false representations to purchase securities described as certificates of beneficial interest in a trust known as the Winchester-Hood Mutual Ownership Extension C

1. This count was dismissed on motion of the government.

Trust.[2] Nineteen such misrepresentations are set forth in the indictment. In all of the counts he is charged with fourteen separate instances of use of the United States mails in furtherance of this fraudulent scheme to sell securities in violation of Section 77q(a), Title 15, United States Code,[3] and Section 1341, Title 18, United States Code.[4] He was sentenced to four years on each count, the sentences to run concurrently.

In this court defendant says that "the scheme that the government referred to in the indictment was instead a civic minded enterprise, planned by professional people of high character, barren of any taint of fraud or wrong doing, but instead a program timed in a financial crisis, a crisis that cost the investors their investment". He also maintains that he "did not devise a scheme as charged in the indictment and had no part in the creation of Winchester Hood C and the resolution of the trustees to sell securities and therefore should not be found guilty as charged in the indictment", that his good faith is a complete defense, and that the evidence was as consistent with innocence as guilt and therefore he should have been found not guilty.

Plaintiff contends that a cursory reading of the record establishes that with respect to the Winchester-Hood C project, this defendant was the motivating force in obtaining funds from investors; that he was the motivating force behind the representations made by the agents and salesmen who sold purported interests in the said project; and that he was the motivating force in the withdrawal of the monies deposited by the investors and their dissipation, in violation of the representations and undertakings that he caused to be made. Plaintiff also argues that whether or not a defendant in a mail fraud case acts in good faith with respect to the scheme charged is a question of fact for resolution by the finder of fact.

In view of these contrary contentions, we are confronted with the question of whether there is substantial evidence to support the finding and judgment below. In United States v. New York Great A. & P. Tea Co., 7 Cir., 173 F.2d 79, at 81, we said:

"* * * if there is any substantial evidence to support the court's finding, it must be sustained. In this consideration, we look only to the evidence which is favorable to the court's finding and such reasonable inferences as may be drawn from the facts proved. Furthermore, we consider the case here as a whole and not piecemeal. If viewing the evidence as a whole there emerges an overall pattern of guilt as charged, the finding must be sustained."

In United States v. Jones, 237 F.2d 493, in this court, we recently cited Stoppelli v. United States, 9 Cir., 183 F.2d 391, 393, where it was said:

"* * * It is not for us to say that the evidence was insufficient because we, or any of us, believe that inferences inconsistent with guilt may be drawn from it. To say that would make us triers of the fact. We may say that the evidence is insufficient to sustain the verdict only if we can conclude *as a matter of law* that reasonable minds, as triers of the fact, must be in agreement that reasonable hypotheses other than guilt could be drawn from the evidence. * * *"

We cannot so conclude as a matter of law in this case. In fact, from an examination of the entire transcript of the record, which consists of over 1100 pages, we cannot avoid the conclusion that there is substantial evidence to support the

---

2. Counsel sometimes refer to that trust as Winchester-Hood C.

3. 15 U.S.C.A. § 77q(a).
4. 18 U.S.C.A. § 1341.

district court's finding of guilty as to appellant.

No rulings upon the admission of evidence have been attacked upon review.

For these reasons the judgment of the district court is affirmed.

Judgment affirmed.