UNITED STATES of America,
Plaintiff-Appellee,

v.

Otis SEARS, Defendant-Appellant.

No. 12019.

United States Court of Appeals,
Seventh Circuit.

Oct. 2, 1957.

Rehearing Denied Oct. 31, 1957.

Claude W. B. Holman, Chicago, Ill., Alvin A. Turner, E. F. Johnson, Russell R. De Bow, Chicago, Ill. (Westbrooks, Holman & E. F. Johnson, Chicago, Ill., of counsel), for defendant-appellant.

Robert Tieken, U. S. Atty., John J. Quan, Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel), for the United States.

Before MAJOR, LINDLEY and HASTINGS, Circuit Judges.

**LINDLEY, Circuit Judge.**

Defendant, having been found guilty of violation of the Federal narcotic laws in a trial by the District Judge, appeals from the conviction, urging that the record does not disclose substantial evidence to support the finding of guilt. Obviously, any attempt to determine such a question requires consideration of the evidence and a test of the credibility of the witnesses. With the latter we have nothing to do. Our only function is to determine whether the evidence most favorable to the finding adequately sustains it. United States v. Marachowsky, 7 Cir., 201 F.2d 5, certiorari denied 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384; United States v. Detente, 7 Cir., 199 F.2d 286, 288; United States v. Poppa, 7 Cir., 190 F.2d 112, 114; United States v. Chiarelli, 7 Cir., 192 F.2d 528, 530; United States v. Kadison, 7 Cir., 145 F.2d 525, 526; United States v. Feinberg, 7 Cir., 123 F.2d 425, 426. We cannot try the issues of fact *de novo,* and we cannot set aside the trial court's findings, unless we can say, as a matter of law, that the evidence most favorable to it is wholly insufficient to support a verdict of guilty beyond all reasonable doubt. United States v. Holsman, 7 Cir., 238 F.2d 141, 142; United States v. Owen, 7 Cir., 231 F.2d 831, 832; United States v. New York Great Atlantic & Pacific Tea Co., 7 Cir., 173 F.2d 79, 81.

Under the trial court's finding, one Caldwell, being in the custody of the United States narcotic agents, having been searched, was given $50.00 in marked currency bills; later, the officers, after Caldwell had made a telephone call, proceeded with him to defendant's shop. While the officers waited outside, Caldwell entered the building, returning to and rejoining the officers shortly later. He was again searched; the bills were no longer in his possession, and no narcotics were found on his person. The officers then proceeded to another point near at hand where they observed defendant Sears meet Caldwell, who had proceeded alone, and pass to him, from hand to hand, an object. They immediately arrested Sears, and found in his possession the bills they had given Caldwell, and, on Caldwell, narcotics contained in a brown envelope. Upon these findings, the court found Sears guilty.

The facts mentioned by the court were amply proved by the Government's evidence. The only reasonable conclusion from the record is that Caldwell purchased narcotics from Sears; that the drugs bore no stamp and were accompanied by no treasury order. Though defendant admitted that he received the marked money from Caldwell, he asserted that it was handed to him in payment of a loan from him to Caldwell. He attempted to prove an alibi, but the evidence fell far short of sustaining it, for his witness in that behalf stated that while he was playing cards with Sears, the latter left the place and was gone for a short time, and that the next time the witness saw him he was in the custody of the arresting officers. We find no inconsistency or discrepancy of any consequence in the testimony of any of the Government witnesses. Moreover, whether they were telling the truth was a question solely for the trial court. Their demeanor, the reasonableness of their stories, and all other circumstances bearing upon their credibility were within the exclusive scope of the trial court's functions. We cannot say the evidence did not justify the judgment. United States v. Owen, 7 Cir., 231 F.2d 831.

Defendant insists that the narcotic evidence was mislaid. We find no basis for the argument, but even if the exhibit had been lost, the undisputed testimony is that the product seized was analyzed by the chemist who found it to be heroin. However, the evidence discloses that the exhibit was never mislaid or lost. Agent Hazer took the envelope with its contents, dated it, initialled it, locked it in his drawer at the Bureau of Narcotics, where it remained until three days later, November 18, 1952, when he placed it in another envelope and submitted it to the chemist, who broke the seal on the envelope, removed the contents, weighed and ana-

lyzed it, and found the substance to be heroin. The chemist then resealed the exhibit in the envelope. Though he did not carry it with him, he testified that the envelope could not have been opened without breaking the seal, and that, when it was taken to court by Agent Christopher, it was still sealed. The latter testified that from the time the chemist gave him the exhibit, it remained in his possession, until September 21, 1955. At that time, the trial having been postponed, he returned it to the chemist who, on the same day, resealed it in another envelope, which was returned sealed to the court on December 19, 1956, and opened in court during the trial, when the narcotics were removed therefrom. The evidence is clear that the envelope was traced from the time it was received by the officers and preserved intact until the trial.

■ Defendant argues that photographs of the various scenes in the locality where the events in evidence occurred are inconsistent with the testimony of the Government's witnesses. However, the record discloses that these photographs were taken during the Christmas holiday season when the streets were crowded, and that they were murky and blurred. We cannot say that the court was not entirely justified in giving to them only such credence and weight as it believed they were entitled to.

■ Defendant insists that the trial court should not have permitted the finding to stand because it is founded on the testimony of the informer Caldwell. However, this witness testified merely to the fact that he was given the marked money by the agents; when asked to give details of what occurred later, he refused to answer on the ground that to do so would incriminate him. Consequently, there is no basis in fact for claiming that the defendant was convicted upon the testimony of an informer.

Defendant complains because there is no proof that defendant's fingerprints were found on the envelope containing the heroin. The record is undisputed that the envelope was submitted to a fingerprint expert who is now deceased, that what he discovered was solely within his own undisclosed knowledge, and that there was no record of his findings.

Defendant argues that there are various discrepancies in the trial court's findings. However, though the trial judge made oral findings at the conclusion of the trial, his essential findings are fully supported by the evidence.

■ It is argued that the Government failed to prove that the narcotics did not come from a stamped package. The evidence shows, without dispute, that no tax stamps were on the package taken from Caldwell. Section 2553(a), Title 26, United States Code, upon which Count I of the indictment was founded, provides that the absence of appropriate tax stamps shall be *prima facie* evidence of a violation and the courts rightly have uniformly followed the express provisions of the statute. Beland v. United States, 5 Cir., 100 F.2d 289, certiorari denied 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037; United States v. Pisano, 7 Cir., 193 F.2d 355, 31 A.L.R.2d 409.

Defendant asserts further that the Government was bound to prove that there was no Treasury order. However, none was found, and, in such case, the presumption that none existed controls until the contrary is shown. Chin Gum v. United States, 1 Cir., 149 F.2d 575, 577.

As we are unable to say, as a matter of law, that the evidence does not sustain the verdict, and as we find no error in the trial, the judgment is affirmed.