UNITED STATES of America,
Plaintiff-Appellee,

v.

Otis SEARS, Defendant-Appellant.

No. 12487.

United States Court of Appeals
Seventh Circuit.

April 13, 1959.

Rehearing Denied May 14, 1959.

Claude W. B. Holman, Alvin A. Turner, E. F. Johnson, Russell R. De Bow, Jetta N. Jones, William S. Joy, Chicago, Ill., Westbrooks, Holman & E. F. Johnson, Chicago, Ill., of counsel, for appellant.

Robert Tieken, U. S. Atty., John J. Quan, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Defendant-appellant Otis Sears was charged in a three-count indictment with violations of the narcotic laws, Title 26 U.S.C.A. §§ 2553(a) and 2554(a) and Title 21 U.S.C.A. § 174, respectively. He entered a plea of not guilty, waived a jury and was tried to the court.

There was no request for the court to find the facts specially pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. However, the District Court, at the conclusion of the evidence, made extemporaneous oral findings which were, to some extent, inconsistent and concluded with a finding that the defendant was guilty.

Sears was a second offender. Accordingly under the applicable statute, he was subject to "be fined not more than $2,000 and imprisoned not less than five or more than ten years." The Government, therefore, requested time to file an information setting forth Sears' prior narcotic conviction. The District Court denied the request announcing:

"The way I look at this case and the witness having testified your filing of the information will make no difference in the sentence that I propose to impose. The defendant has heretofore by his own testimony been guilty of narcotic trafficking before."

The District Court then imposed a general sentence of five years, the minimum, and a fine of one dollar.

From his conviction Sears appealed. We affirmed. 248 F.2d 377. On petition for certiorari the Solicitor General of the United States confessed error stating that the case should be remanded to the District Court with instructions to the Trial Judge to clarify his findings or, in the alternative, to grant a new trial if he believed that to be more appropriate. The Supreme Court granted certiorari and remanded the case "to the

District Court with directions to clarify the finding or grant such other relief as may be appropriate." 355 U.S. 602, 78 S.Ct. 534, 2 L.Ed.2d 525.

Mandate of the Supreme Court was filed in the District Court and thereafter the Government moved for clarification of the findings and tendered proposed findings in writing. The defendant filed written objections thereto. On hearing, the District Court ignored the proposed written findings and extemporaneously proceeded to a clarification of the so-called oral findings. In so doing the District Judge clarified by getting the names of certain parties confused. He had one Caldwell playing cards instead of the defendant Sears. He had Sears under surveillance instead of Caldwell. With the aid of counsel the District Judge was able to partially position the respective parties correctly under the evidence but his attempted clarification was not too productive. He concluded by again finding Sears guilty and ordering the sentence "reduced from five years to two years and six months", with refusal to entertain a motion of the Government for leave to file an information showing Sears to be a second narcotics offender, and stating:

"I do not believe I could entertain it, under all the circumstances, because the evidence clearly indicated to me a prior conviction."

This appeal followed with Sears, as the appellant, contending that the District Court, under the guise of clarifying its findings, actually made new findings, which were not supported by the evidence, and with the Government contending the reduced sentence is illegal and urging that the judgment of guilty be affirmed but to remand the cause "for resentencing in accordance with the law."

We have given careful consideration to this entire record. This case, in its present posture, is such an imbroglio that we believe justice may now be done only by a new trial.

Conformably judgment reversed and cause remanded for a new trial.