Bennet F. SCHAUFFLER, Regional Director of the Fourth Region of the National Labor Relations Board for and on Behalf of the National Labor Relations Board, Petitioner,

v.

UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF PLUMBING and PIPE FITTING INDUSTRY OF UNITED STATES and CANADA, LOCAL 420, AFL; Al McHenry, Its Business Manager; and John Small, Its Business Agent, Respondents-Appellants.

No. 12160.

United States Court of Appeals

Third Circuit.

Argued May 13, 1957.

Decided Aug. 1, 1957.

1. Defendant is denominated as in the court below.

Richard H. Markowitz, Philadelphia, Pa. (Louis H. Wilderman, Paula R. Markowitz, Philadelphia, Pa., on the briefs), for appellants.

Winthrop A. Johns (N.L.R.B.), Washington, D. C. (Jerome D. Fenton, General Counsel, Washington, D. C., Stephen Leonard, Washington, D. C., Associate General Counsel, William A. Kapell, Washington, D. C., Attorney, National Labor Relations Board, on the brief), for appellee.

Before STALEY and HASTIE, Circuit Judges, and SORG, District Judge.

STALEY, Circuit Judge.

Occasionally a litigant will request the court to overturn an apparently well-settled principle of law which he finds as an insurmountable barrier in the path of the proposition he seeks to have established. This is such a case. Appellants argue that the district court abused its discretion by allowing as costs in a civil contempt proceeding the expenses incurred by the National Labor Relations Board in connection with the prosecution of appellants for civil contempt, including salaries, travel expenses, and costs of investigation, preparation, presentation, and final disposition of the proceedings—and this argument is made in the face of our decision in N. L. R. B. v. Star Metal Mfg. Co., 3 Cir., 1951, 187 F. 2d 856, holding that just such expenses of the Board are properly taxable as costs.

These contempt proceedings arise from the following factual background. Upon petition by the National Labor Relations Board, the district court on May 5, 1954, enjoined Local 420 from engaging in certain work stoppages in violation of Section 8(b) (4) (D) of the National Labor Relations Act, 29 U.S.C.A. § 158(b) (4) (D). The injunction order was affirmed by this court on January 10, 1955. 3 Cir., 218 F.2d 476. Thereafter, on June 15, 1955, the district court adjudged appellants in civil and criminal contempt for engaging in work stoppages in willful disregard of the original injunction order. On March 6, 1956, this court affirmed the action of the district court. 3 Cir., 230 F.2d 572. The Supreme Court denied appellants' petition for certiorari on October 8, 1956. 352 U.S. 825, 77 S.Ct. 37, 1 L.Ed.2d 48.

After the denial of certiorari, the district court rendered its decision granting the costs claimed by the Board. D.C. E.D.Pa.1956, 148 F.Supp. 704, 706. This appeal was taken from the order entered pursuant to that decision and assessing the following items as costs:

"1. Reporter's charge for copy of transcript of testimony adduced at trial before the District Court, which was required in connection with respondents' appeal from the contempt adjudication     $ 166.80

"2. Cost of printing brief on appeal     160.22

"3. Amount of salaries for time spent by Board attorneys from Washington, D. C.

"(A) William W. Kapell

"(1) per diem and fares incurred in traveling to and working in Philadelphia     232.29

"(2) salary for 20 days spent in working on case at $37 per day     740.00

"(B) Winthrop A. Johns

"(1) per diem and fares incurred in traveling to Philadelphia to argue appeal     30.02

"(2) time spent on appeal, argument thereof, and opposition to motion for rehearing 5 days at $47.76 per day     238.80

"4. Time spent by attorneys and investigators of the Philadelphia Regional Office in preparing the contempt case for hearing.

"(A) Leonard Leventhal, field attorney, investigation and preparation for trial, attendance at trial and conferences, 90 hours at $3.07 per hour     276.30

"(B) Alan Zurlnick, field examiner, investigation and conferences, 40 hours at $3.64 per hour     145.60

"(C) Herbert B. Mintz, field attorney, investigation, 2 hours at $3.07 per hour     6.14

"Total     $1,996.17"

█ The costs assessed have all been attacked by appellants as improper and outside the discretion of the district court to impose. It is true that most of the items assessed are not the usual taxable costs. Traditionally, however, "the historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the chancellor to do equity in a particular situation." Sprague v. Ticonic Bank, 1939, 307 U.S. 161, 166, 59 S.Ct. 777, 780, 83 L.Ed. 1184. Compensatory impositions in civil contempt proceedings have long been sanctioned by the Supreme Court.

Gompers v. Bucks Stove & Range Co., 1911, 221 U.S. 418, 447, 31 S.Ct. 492, 55 L.Ed. 797. See also United States v. United Mine Workers, 1947, 330 U.S. 258, 303, 304, 67 S.Ct. 677, 91 L.Ed. 884.

■ Precisely in point with the present case is the holding of this court in N. L. R. B. v. Star Metal Mfg. Co., 1951, 187 F.2d at page 857, that those in contempt of an injunction should pay to the Nation Labor Relations Board a sum which "represents' expenses necessarily incurred by the Board in connection with the prosecution of the petition in civil contempt, including counsel fees and other expenditures incurred in the investigation, preparation, presentation and final disposition of the petition." See also N. L. R. B. v. Weirton Steel Co., 3 Cir., 1950, 183 F.2d 584; N. L. R. B. v. Essex County News Co., 20 CCH Labor Cases ¶ 66,556 (C.A.3, 1951). This circuit is not alone in the statement that the Board should be reimbursed for the costs of litigation in civil contempt. West Texas Utilities Co. v. N. L. R. B., 1953, 92 U.S.App.D.C. 224, 206 F.2d 442, 448; N. L. R. B. v. International Hod Carriers, 2 Cir., 1955, 228 F.2d 589, 593; N. L. R. B. v. Nesen, 9 Cir., 211 F.2d 559, 564, certiorari denied, 1954, 348 U.S. 820, 75 S.Ct. 32, 99 L.Ed. 646; N. L. R. B. v. Rico, 9 Cir., 1950, 182 F.2d 254.

The result reached by this court in the Star Metal case was designed to provide effective enforcement of the orders and decrees of court. Without appropriate judicial sanctions to assure compliance with such orders and decrees, violations could occur with impunity and the judicial function would be severely hampered. Appellants have been unable to advance convincing reasons, based either upon logic or case law, to demonstrate to us that the time-honored imposition for civil contempt should now be overturned.

Accordingly, we reaffirm our ruling in N. L. R. B. v. Star Metal Mfg. Co., supra.

■ A question is raised as to whether it was proper for the district court to assess as costs certain items of expense incurred on appeal to this court. We think that assessment was entirely appropriate. The determination of assessable items of cost in civil contempt is within the discretion of the court whose dignity has been offended, and it is not an abuse of that discretion to impose as a penalty the expenses incurred in defending the propriety of the original imposition in an appeal court. See Toledo Scale Co. v. Computing Scale Co., 1923, 261 U.S. 399, 428, 43 S.Ct. 458, 67 L.Ed. 719.[1] Because it was the order of the district court which was violated, that court may assess costs of litigation in the contempt proceedings regardless of the court in which the expenses were incurred.

■ A final procedural point is raised. The assessment was attacked because of a lack of the verification of a bill of costs as provided in Section 1924 of Title 28 of the United States Code. That section, however, concerns the taxing of conventional costs as defined in Section 1920 of Title 28, and does not purport to limit the imposition of penalties beyond the ordinary costs as part of equity's jurisdiction in civil contempt proceedings. In any event, the costs were verified by the Board to the satisfaction of the district court even though the precise procedure of Section 1924 was not followed.

The order of the district court will be affirmed, and the district court will be directed to enter a supplemental order assessing as additional costs the expenses of the National Labor Relations Board on this appeal, including the cost of printing the brief, and attorneys' salaries and expenses.

1. An unreported order of the Fifth Circuit, brought to our attention by appellee, granted to the Board the expenses involved in an appeal to the Supreme Court. N. L. R. B. v. The Warren Co., No. 13,772, March 7, 1956.