Carole Heller **WEITZMAN,** as assignee of Saul Weitzman, **Plaintiff,**

v.

Sidney **STEIN,** Albert **Feiffer,** and Norman **Rubinson,** **Defendants,**

Barry **Schwartz,** Esq., **Respondent.**

No. 70 Civ. 4037 (DNE).

United States District Court, S.D. New York.

June 29, 1995.

---

*OPINION & ORDER*

EDELSTEIN, District Judge:

The instant action requires this Court to determine the appropriate damage award for defense counsel's violation of this Court's May 16, 1988, Order. In a hearing held on July 11, 1989, this Court ruled that defense counsel, Barry Schwartz, was in contempt of court for violating this Order.

*BACKGROUND*

On May 16, 1988, this Court issued an Order ("the May 16 Order") directing, *inter alia*, the seizure and sale of a 1983 Lincoln Towne Car ("the Lincoln") by the Sheriff of the City of New York ("the Sheriff"). The May 16 Order reads, in relevant part:

[It is hereby] ORDERED, that Garage Management Corp. shall release to the plaintiff or plaintiff's representatives, the 1983 Lincoln Towne car bearing Florida license plate number IPE 075 ... and it is further

ORDERED, that Sidney Stein, Gail Rohme and their representatives are prohibited from interfering with any part of this Order, and it is further

ORDERED, that the plaintiff or plaintiff's representative shall take possession of said motor vehicle and shall arrange for the sale of said motor vehicle by the Sheriff of the City of New York....

On June 15, 1989, plaintiff moved, by order to show cause, to hold defendant Sidney Stein's attorney, Barry Schwartz ("Schwartz"), in contempt of court for violating the May 16 Order. Plaintiff alleged that Schwartz violated the May 16 Order by deliberately interfering with the Court-ordered sale of the Lincoln. Plaintiff contended that Schwartz delivered a letter to the Sheriff on May 30, 1989, that caused the Sheriff to cancel the sale of the Lincoln, which was scheduled to occur on the following day.

On July 11, 1989, this Court held a hearing regarding plaintiff's civil-contempt motion. After considering the various papers submitted to the Court, as well as the evidence adduced at the hearing, this Court found: (1) Schwartz had violated this Court's May 16, 1988, Order; and (2) as a result of this violation, Schwartz was in contempt of this Court. *See Weitzman v. Stein*, 70 Civ. 4037 (DNE) (Transcript July 11, 1989, Hearing at 153–54). This Court stated that a Memorandum & Order incorporating the Court's findings and the imposition of an appropriate sanction would be filed subsequent to the July 11, 1989 hearing.[1]

On August 10, 1994, this Court issued a Memorandum and Order, reiterating that Barry Schwartz was in contempt of this Court for violating this Court's May 16, 1989, Order. This Memorandum and Order further stated, however, that Mr. Schwartz's

---

1. Because the parties informed the Court that they were pursuing settlement negotiations regarding reimbursement of plaintiff's expenses generated by Mr. Schwartz' contemptuous conduct, this action was placed on the Court's suspense calendar until the parties informed this Court in November 1993 that settlement negotiations had not proven fruitful.

conduct was not deliberate and willful. Moreover, this Court rejected plaintiff's claim for reimbursement of expenses and attorneys' fees.

On appeal, the Second Circuit reversed this Court's finding that Barry Schwartz did not act wilfully. The Second Circuit also vacated the part of this Court's order that denied plaintiff damages, and the case was remanded for a specific finding with respect to the amount of damages. The Second Circuit noted that a " 'district court is not free to exercise its discretion and withhold an order in civil contempt awarding damages, to the extent they are established.' " *Weitzman v. Stein,* 57 F.3d 1063 (2d Cir.1995) (quoting *Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2d Cir.1979)). The appellate court further explained that, although plaintiff had "inflated" her claim for damages, plaintiff had suffered some damages as a result of Schwartz's contempt. The Second Circuit directed this Court either to determine the amount of damages that plaintiff suffered or to explain why plaintiff, nevertheless, is not entitled to damages. After this case was remanded to this Court, plaintiff moved this Court to include her costs of pursuing this case on appeal.

■ The parties have submitted three sets of papers that are relevant to this Court's analysis: (1) the parties' respective submissions of November 19, 1993, regarding the damages that plaintiff incurred in prosecuting Schwartz's contempt in this Court;[2] (2) the respective briefs that the parties submitted, at this Court's direction, regarding whether plaintiff's attorney's hourly rate of $275 per hour is reasonable; (3) the respective briefs that the parties submitted regarding whether plaintiff is entitled to recover the costs she incurred in appealing this Court's August 10, 1994, Memorandum and Order.

## DISCUSSION

■ Under 18 U.S.C. § 401(3), a district court has the power to fine a person for disobeying the court's order. The "sanctions imposed after a finding of civil contempt serve two functions: to coerce future compliance and to remedy past noncompliance." *Vuitton,* 592 F.2d at 130 (citations omitted); *see also Manhattan Indus., Inc. v. Sweater Bee By Banff, Ltd.,* 885 F.2d 1, 5 (2d Cir. 1989) (citations omitted), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1477, 108 L.Ed.2d 614 (1990). Although a district court has broad discretion in determining an appropriate sanction to coerce future compliance, "once plaintiff has proved that he has suffered harm because of a violation of the terms of an [order], compensatory damages are appropriate." *Vuitton,* 592 F.2d at 130. The amount of damages for a civil contempt fine is analogous "to a tort judgment for damages caused by wrongful conduct" because the sanction is intended "to make reparation to the injured party and restore the parties to the position they would have held had the [order] been obeyed." *Vuitton,* 592 F.2d at 130.

■ Because "the plaintiff should be made whole for the harm he has suffered, it is appropriate for the court also to award the reasonable costs of prosecuting the contempt, including attorney's fees, if the violation of the decree is found to have been willful." *Id.* (citations omitted); *see also Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd.,* 869 F.2d 34, 39 (2d Cir.1989) (citation omitted). To determine the amount of attorneys' fees, "[t]he most useful starting point" is to multiply "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *see also Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 145 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). To establish the number of hours reasonably expended, the party seeking an award of attorney's fees "must document the application with contem-

---

**2.** Schwartz's brief requests "that an evidentiary hearing is needed in order to fashion an accurate computation of counsel fees." (Schwartz's November 19, 1993, Brief at 8.) This Court disagrees. Schwartz had ample opportunity to challenge the "computation of counsel fees" be-

cause plaintiff submitted a detailed bill of all counsel fees, including a breakdown of counsel's time and how that time was spent. Accordingly, Schwartz's request for an evidentiary hearing is denied.

poraneous time records" that specify "the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983). Although a litigant must submit a detailed record of hours expended, the district court has discretion to determine the number of hours reasonably expended on a case. *See Saulpaugh,* 4 F.3d at 145.

■ An attorney's reasonable hourly rate is determined by analyzing the " 'prevailing market rates in the relevant community.' " *Miele v. New York State Teamsters Conference Pension & Retirement Fund,* 831 F.2d 407, 409 (2d Cir.1987) (quoting *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)). In this circuit, a district court determines prevailing market rate by examining the parties' submissions regarding "the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.' " *Miele,* 831 F.2d at 409 (quoting *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). A judge may also "rely in part on the judge's own knowledge of private firm hourly rates in the community." *Miele,* 831 F.2d at 409.

This Court will first analyze the damages that plaintiff incurred in prosecuting Schwartz's contempt in this Court. Thereafter, this Court will proceed to the issue of plaintiff's costs of prosecuting Schwartz's contempt on appeal.

### A. Plaintiff's Reasonable Costs of Prosecuting Schwartz's Contempt in this Court

Because the Second Circuit has ruled that Schwartz willfully violated this Court's order, plaintiff is entitled to recover her "reasonable costs of prosecuting the contempt, including attorney's fees." *Vuitton,* 592 F.2d at 130 (citations omitted); *see also Canterbury Belts,* 869 F.2d at 39 (citation omitted). Plaintiff claims $30,969.55 in damages for prosecuting Schwartz's contempt in this Court. (Plaintiff's November 19, 1993, Brief at 5.) Plaintiff claims expenses of $1,399.50,

$5,000 in emotional distress damages for herself, another $5,000 in emotional distress damages for her husband, and attorneys' fees of $19,901.75.[3] *Id.* Plaintiff calculates attorneys' fees at a rate of $275 per hour. Part of plaintiff's claim of attorneys' fees is a "weekend surcharge" of $500.

Schwartz has largely argued that plaintiff is not entitled to any damages. Despite the fact that this Court directed Schwartz to brief the issue of the damages that plaintiff suffered in prosecuting Schwartz's contempt in this Court, Schwartz's brief almost entirely ignores this issue. Instead, Schwartz collaterally attacks this Court's contempt finding. In the scant portion of Schwartz's brief that addresses the issue of damages, he asserts that plaintiff's claimed attorneys' fees, which total more than $19,000, are unreasonable because the asset that was the subject of this dispute was only worth approximately $3,000. (Schwartz's November 19, 1993, Brief at 5–8.)

■ This Court finds that plaintiff incurred reasonable expenses of $591.75. Plaintiff claims expenses of $1,399.50. Although Schwartz's November 19, 1993, submission to this Court fails to discuss plaintiff's claimed expenses, the Second Circuit noted that Schwartz "admits 'nominal damage[s] of $1399.50.' " *Weitzman v. Stein,* 57 F.3d 1063 (2d Cir.1995). However, the supporting documentation that plaintiff submitted to this Court only demonstrates $591.75 in expenses. Although plaintiff has claimed to be entitled to expense for which "a precise dollar figure cannot be computed," (Plaintiff's November 19, 1993, Brief at 4.), given the speculative nature of this claim and the lack of documentation, this Court finds that those claimed expenses are unreasonable. Further, plaintiff has submitted a $324.50 bill from the Southern District Reporters for a transcript of a hearing that was held on July 17, 1989. Although plaintiff presumably seeks to include this bill among her reasonable expense, the hearing in the instant case was held on July 11, 1989, and thus, the cost of the July 17 transcript is not part of plain-

---

**3.** Plaintiff has subtracted $331.70 from the damages calculation to reflect a refund that plaintiff received from the Sheriff. (Plaintiff's November 19, 1993, Brief at 3, 5.)

tiff's reasonable expenses. This Court finds that plaintiff's reasonable expenses are $591.75.

█ Plaintiff also claims emotional-distress damages of $5,000 for herself and $5,000 for her husband. In her brief, plaintiff concedes that there is no precedent to support her theory that she is entitled to emotional-distress damages as a result of Schwartz's conduct. (Plaintiff's November 19, 1993, Brief at 7) ("We concede that we have not observed this type of discussion in the cases we have cited...."). Nonetheless, plaintiff claims to be entitled to compensation "for the frustration and delay ... caused by [Schwartz's] conduct." *Id.*

This Court disagrees with plaintiff's analysis. Although plaintiff is entitled to recover her "reasonable costs [for] prosecuting the contempt, including attorney's fees," *Vuitton*, 592 F.2d at 130, plaintiff's emotional distress and the emotional distress of her husband are not part of these reasonable costs. While Schwartz's conduct may have upset plaintiff and her husband, the alleged emotional-distress damages were a cost of prosecuting Schwartz's contempt. Moreover, given the strong historical tradition in the law of limiting emotional-distress damages, this Court rejects plaintiff's argument that the law should be expanded to provide compensation for plaintiff's mental suffering in the instant case. Therefore, this Court finds that plaintiff's claim of $10,000 for emotional-distress damages is unreasonable.

Plaintiff claims attorneys' fees of $19,901.75 for prosecuting Schwartz's contempt in this Court. Plaintiff has submitted a detailed bill that documents the 48.25 hours that plaintiff's attorney spent preparing for, and representing plaintiff at, the contempt hearing. Plaintiff has also submitted a far less detailed bill that documents the 20.5 hours that plaintiff's attorney spent preparing the November 19, 1993, brief to this Court.[4] Thus, plaintiff claims that her attorney expended a total of 68.75 hours prosecuting Schwartz's contempt in this Court. Plaintiff bases her claim of attorneys' fees on a hourly rate of $275 per hour plus one $500

"weekend surcharge." Although plaintiff contends that these figures yield total attorneys' fees of $19,901.75, by this Court's calculation, these figures only add up to $19,406.25. Regardless of this discrepancy, however, it falls upon this Court to determine both the number of hours reasonably expended in prosecuting Schwartz's contempt and plaintiff's attorney's reasonable hourly rate.

█ A party seeking an award of attorneys' fees "must document the application with contemporaneous time records" that specify "the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). " 'Where the documentation of hours is inadequate, the district court may reduce the award accordingly.' " *Chartier v. Matthews Assocs.*, No. 93 Civ. 1212 (PKL), 1994 WL 582938 at *5 (S.D.N.Y. Oct. 20, 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). Moreover, even if a party submits adequate documentation, the district court has discretion to determine the number of hours reasonably expended on a case. *See Saulpaugh*, 4 F.3d at 145.

█ In the instant case, plaintiff has submitted a detailed bill that specifies the dates, hours expended, and the nature of the work performed through July 11, 1989—the date of the contempt hearing. Plaintiff claims that her attorney spent 48.25 hours researching facts, preparing an order to show cause calling for the contempt hearing, researching the law, preparing witnesses for the contempt hearing, preparing documents for the contempt hearing, and attending the contempt hearing. This Court finds that plaintiff's bill satisfies this circuit's contemporaneous-record requirement. This Court also finds that the 48.25 hours claimed by plaintiff's attorney was a reasonable amount of time.

However, plaintiff has submitted a far less detailed bill regarding the 20.5 that plaintiff's attorney claims to have spent in preparing

---

4. Although this bill states that the total number of hours expended was only 20.25, this Court has added up the number of hours claimed in this bill and finds that these hours total 20.5.

the November 19, 1993, submission to this Court. Although this bill details the dates on which the work was performed and the hours expended, it fails to specify in detail the nature of the work performed. Thus, this Court finds that plaintiff has failed to satisfy the contemporaneous-record requirement for this portion of the bill, and therefore, it is appropriate to reduce the number of hours that plaintiff claims. *See Chartier,* 1994 WL 582938 at *5. Moreover, a reduction in the number of hours claimed is also warranted because this Court finds that 20.5 hours was an unreasonable amount of time to prepare the November 19, 1993, submission. *See Saulpaugh,* 4 F.3d at 145 (district court has discretion to determine number of hours reasonably expended). Because this submission is a short document that discusses a facile legal issue, plaintiff's attorney's claim of 20.5 hours to prepare this submission is unreasonable.

In the instant case, this Court finds that plaintiff's counsel reasonably expended 10 hours in preparing the November 19, 1993, brief. Thus, adding the 48.25 hours that plaintiff's attorney reasonably expended through July 11, 1989, to the 10 hours that counsel reasonably expended in preparing the November 19, 1993, brief, this Court finds that plaintiff's counsel reasonably expended 58.25 hours prosecuting Schwartz's contempt.

Having determined the number of hours reasonably expended, this Court must now determine plaintiff's counsel's reasonable hourly rate, which is the " 'prevailing market rate[ ] in the relevant community.' " *Miele,* 831 F.2d at 409 (quoting *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)). As previously noted, a district court determines prevailing market rate by examining the parties' submissions regarding "the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.' " *Id.* (quoting *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). Moreover, this Court may also rely, in part, on its own "knowledge of private firm hourly rates in the community." *Id.*

■ To facilitate this Court's analysis, this Court directed the parties to submit papers that addressed the issue of whether plaintiff's attorney's rate of $275 per hour was reasonable. Although plaintiff's attorney submitted an affidavit that explains counsel's professional experience, plaintiff's counsel entirely fails to address the issue of what is the "the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.' " *Id.* (quoting *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). In contrast, Schwartz's attorney submitted an affidavit that directly addresses this issue and that concludes that the prevailing market rate in the community for such services is "within the range of between $150 per hour to $175 per hour." (June 5, 1995, Affidavit of Martin Nardi Gamliel.) Based on the parties' respective submission and this Court's knowledge of rates charged for comparable services in the community, this Court finds that the plaintiff's attorney's reasonable hourly rate is $150 per hour. This Court also finds that plaintiff's attorney's $500 "weekend surcharge" is unreasonable.

Plaintiff's attorney argues that his hourly rate of $275 per hour was reasonable and has suggested that this Court had approved this hourly rate at a previous hearing. In a letter to the Court dated September 16, 1993, plaintiff's counsel stated: "Plaintiff's counsel has established a billing rate of $275.00 per hour in relation to this case. This hourly rate has previously been discussed before this Honorable Court...." (Letter from Louis Venezia to Hon. David N. Edelstein, September 16, 1993). Plaintiff's November 19, 1993, brief repeats this statement verbatim. Moreover, in the affidavit that plaintiff's counsel submitted regarding whether the $275 per hour rate was reasonable, plaintiff's counsel stated that the $275 hourly rate was reasonable in light of the fact that "this Honorable Court did not find our previous hourly rate (at that time the rate was $225) to be unreasonable." (Affidavit of Louis Venezia, June 5, 1995 at 5.)

■ This Court notes these statements for three reasons. First, plaintiff's argument that this Court previously expressed approv-

al for an hourly rate of $275 does not satisfy the requirement that plaintiff submit evidence to the Court regarding "the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Miele,* 831 F.2d at 409 (quoting *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). Second, the statement that the sum of $275 was previously discussed before this Court is inaccurate. Although plaintiff's attorney has submitted the transcript of a hearing in which the sum of $225 per hour was mentioned, the sum of $275 was never discussed. Third, plaintiff's attorney's suggestion that this Court expressed approval for the rate of $225 per hour is misleading. Having reviewed the transcript, this Court does not believe that it can fairly be interpreted as expressing any approval of the rate of $225 per hour. Moreover, while plaintiff's counsel is correct in noting that this Court did not find that the claimed rate was unreasonable, this Court also did not find that the rate was reasonable. This Court simply made no finding regarding whether plaintiff's proposed rate of $225 was reasonable. Plaintiff's attorney's suggestion that this previously Court expressed approval of his hourly rate treads upon the line that separates overzealous advocacy from affirmative misrepresentation. Counsel is warned that the factual inaccuracies in his submissions are an invitation to sanctions.

■ Schwartz argues that "the counsel fee request is wholly disproportionate to the dollar amount of the controversy." (Schwartz's November 19, 1993, Brief at 9.) Schwartz contends that it is unreasonable to award a "$20,000.00 counsel fee ... for professional services alleged and incurred in litigating title to a $3,000.00 asset." *Id.* at 10.

Schwartz's claim is meritless because he has entirely failed to appreciate the fact that this litigation does not concern title to any asset, but rather it concerns plaintiff's costs in enforcing an order of this Court.

Schwartz disregarded this Court's order by writing and delivering a letter to the Sheriff, which caused the Sheriff to cancel the sale of the Lincoln Towne Car. Thus, the central question in the instant case is: what are the reasonable costs of prosecuting Schwartz's contempt? These reasonable costs must be determined by analyzing the time and effort that plaintiff expended in litigating the contempt issue, and the price of the car is simply irrelevant.[5]

Multiplying the 58.25 hours that plaintiff's attorney reasonably expended in prosecuting Schwartz's contempt in this Court by the reasonably hourly rate of $150 per hour, this Court finds that plaintiff's reasonable attorneys' fees in prosecuting Schwartz's contempt in this Court are $8,737.50. Adding plaintiff's reasonable expenses of $591.75 to this total, this Court finds that plaintiff's total reasonable costs for prosecuting Schwartz's contempt in this Court are $9,329.25.

### B. Plaintiff's Costs of Appealing this Court's August 10, 1994, Memorandum and Order

Plaintiff also moves to recover her costs of appealing this Court's August 10, 1994, Order, in which this Court declined to award any attorneys' fees to plaintiff. Plaintiff claims that these costs total $19,590.07. Schwartz contends that plaintiff is not entitled to recover any of her costs of appealing this Court's order.

■ Plaintiff's claim raises the issue of whether a party's reasonable costs of prosecuting a contempt include the party's costs of appealing a district court's ruling that the party is not entitled to any damages. Although this issue appears to be one of first impression in this circuit, other circuits have split on this issue. *Compare Lander v. Morton,* 518 F.2d 1084, 1088 (D.C.Cir.1975) ("Expenses relating to appeal should not be included in any award of compensation.") *and*

---

5. Indeed, if the controlling factor in assessing the reasonableness of attorneys' fees in a contempt proceeding were the value of the asset that was the subject of the underlying litigation, some litigants would have a strong incentive to disregard a court order. Under Schwartz's proposed formulation, if the asset in question has little value, then a litigant could simply disregard a court order because the high price of litigation would make it economically inviable to bring a contempt proceeding.

*Nelson v. Steiner,* 279 F.2d 944, 948 (7th Cir.1960) (costs on appeal not included in reasonable costs of prosecuting contempt) with *Schauffler v. Unit. Ass'n of Journeymen & Apprentices,* 246 F.2d 867, 870 (3d Cir.1957) ("Because it was the order of the district court which was violated, that court may assess costs of litigation in the contempt proceedings regardless of the court in which the expenses were incurred.").

This Court holds that it is inappropriate to award plaintiff costs on appeal in the instant case. A civil contempt fine is analogous "to a tort judgment for damages caused by wrongful conduct," *Vuitton,* 592 F.2d at 130, and the costs that plaintiff incurred on appeal simply were not caused by Schwartz's wrongful conduct. Rather, plaintiff needed to appeal this Court's August 10, 1994, Memorandum and Order because of this Court's shortsighted view of the law in this circuit. Thus, plaintiff's costs were not a result of Schwartz's conduct.

Even if this Court were to follow the precedent set in the Third Circuit, which permits a party to recover costs on appeal, this Court believes that such costs are inappropriate in the instant case. Under the Third Circuit's formulation, a district court has discretion to award costs on appeal. *See Schauffler,* 246 F.2d at 870 ("court *may* assess costs of litigation in the contempt proceedings regardless of the court in which the expenses were incurred") (emphasis added). In the instant case, even if this Court has discretion to award damages on appeal, this Court does not believe that such damages are warranted. Therefore, plaintiff's motion to recover her costs on appeal is denied.

### CONCLUSION

IT IS HEREBY ORDERED that Barry Schwartz pay $9,329.25 to plaintiff, Carole Heller Weitzman.

SO ORDERED.