Carole Heller **WEITZMAN,** as assignee of Saul Weitzman, Plaintiff,

v.

Sidney **STEIN,** Albert **Feiffer,** and Norman **Rubinson,** Defendants,

Barry **Schwartz, Esq., Respondent.**

No. 70 Civ. 4037 (DNE).

United States District Court, S.D. New York.

Dec. 19, 1995.

## OPINION & ORDER

EDELSTEIN, District Judge:

Pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), plaintiff moves this Court to reconsider the amount of attorneys' fees that this Court awarded to plaintiff in this Court's June 29, 1995, Opinion and Order. In that Opinion and Order, this Court awarded plaintiff the reasonable costs that she incurred in prosecuting the contempt of defense counsel, Barry Schwartz, for his violation of this Court's May 16, 1988, Order. Plaintiff contends that this Court improperly calculated plaintiff's attorneys' fees at an hourly rate of $150 per hour, arguing that this Court should have calculated attorneys' fees at the rate of $275 per hour. Moreover, plaintiff contends that this Court improperly failed to award plaintiff the costs she incurred in appealing this Court's August 10, 1994, Memorandum and Order.

## BACKGROUND

On May 16, 1988, this Court issued an Order ("the May 16 Order") directing, *inter alia,* the seizure and sale of a 1983 Lincoln Towne Car ("the Lincoln") by the Sheriff of the City of New York ("the Sheriff"). The May 16 Order reads, in relevant part:

> [It is hereby] ORDERED, that Garage Management Corp. shall release to the plaintiff or plaintiff's representatives, the 1983 Lincoln Towne car bearing Florida license plate number IPE 075 ... and it is further
>
> ORDERED, that Sidney Stein, Gail Rohme and their representatives· are prohibited from interfering with any part of this Order, and it is further
>
> ORDERED, that the plaintiff or plaintiff's representative shall take possession of said motor vehicle and shall arrange for the sale of said motor vehicle by the Sheriff of the City of New York....

On June 15, 1989, plaintiff moved, by order to show cause, to hold ·defendant Sidney Stein's attorney, Barry Schwartz ("Schwartz"), in contempt of court for violating the May 16 Order. Plaintiff alleged that Schwartz violated the May 16 Order by deliberately interfering with the Court-ordered sale of the Lincoln. Plaintiff contended that Schwartz delivered a letter to the Sheriff on May 30, 1989, that caused the Sheriff to cancel the sale of the Lincoln, which was scheduled to occur on the following day.

On July 11, 1989, this Court held a hearing regarding plaintiff's civil-contempt motion. After considering the various papers submitted to the Court, as well as the evidence

adduced at the hearing, this Court found: (1) Schwartz had violated this Court's May 16, 1988, Order; and (2) as a result of this violation, Schwartz was in contempt of this Court. (Hearing Transcript *Weitzman v. Stein,* 70 Civ. 4037 (DNE) at 153–54 (July 11, 1989).) This Court stated that a Memorandum & Order incorporating the Court's findings and the imposition of an appropriate sanction would be filed subsequent to the July 11, 1989 hearing.[1]

On August 10, 1994, this Court issued a Memorandum and Order, reiterating that Barry Schwartz was in contempt of this Court for violating this Court's May 16, 1989, Order. This Memorandum and Order further stated, however, that Mr. Schwartz's conduct was not deliberate and willful. Moreover, this Court rejected plaintiff's claim for reimbursement of expenses and attorneys' fees.

On appeal, the Second Circuit reversed this Court's finding that Schwartz did not act wilfully. The Second Circuit also vacated the part of this Court's Order that denied plaintiff damages, and the case was remanded for a specific finding with respect to the amount of damages. The Second Circuit noted that a "'district court is not free to exercise its discretion and withhold an order in civil contempt awarding damages, to the extent they are established.'" *Weitzman v. Stein,* Nos. 94–7895(L), 94–7943, 57 F.3d 1063 (2d Cir. 1995) (quoting *Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2d Cir. 1979)). The appellate court further explained that, although plaintiff had "inflated" her claim for damages, plaintiff had suffered some damages as a result of Schwartz's contempt. *Id.* at 3. The Second Circuit directed this Court either to determine the amount of damages that plaintiff suffered or to explain why plaintiff, nevertheless, was not entitled to damages. *Id.* After this case was remanded to this Court, plaintiff moved this Court to include in the damage award her costs of pursuing this case on appeal.

The parties submitted three sets of papers that were relevant to this Court's determination of the costs that plaintiff incurred in prosecuting Schwartz's contempt. Each party made a submission on November 19, 1993, regarding the damages that plaintiff incurred in prosecuting Schwartz's contempt in this Court. Because these submissions failed adequately to address the issue of whether plaintiff's attorney's hourly rate of $275 was reasonable, each party submitted supplemental papers, at this Court's direction, that addressed the issue of whether this claimed hourly rate was reasonable. In addition, each party briefed the issue of whether plaintiff was entitled to recover the costs she incurred in appealing this Court's August 10, 1994, Memorandum and Order.

In a June 29, 1995, Opinion and Order, this Court ordered that Schwartz pay $9,329.25 to plaintiff. *Weitzman v. Stein,* 891 F.Supp. 927, 935 (S.D.N.Y.1995). This Court calculated this award by adding the expenses that plaintiff incurred in prosecuting Schwartz's contempt to the reasonable attorneys' fees that plaintiff incurred in prosecuting this contempt. *Id.* at 934. Pursuant to the case-law in this circuit, this Court calculated plaintiff's reasonable attorneys' fees by multiplying "'the number of hours reasonably expended on the litigation ... by a reasonable hourly rate.'" *Id.* at 930 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)) (citing *Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 145 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994)).

In order to determine plaintiff's counsel's reasonable hourly rate, this Court examined the parties' respective submissions regarding whether plaintiff's attorney's claimed rate of $275 per hour was reasonable, and this Court relied, in part, upon this Court's knowledge of attorneys' hourly rates in the community. Although plaintiff's attorney submitted an affidavit that explained his professional experience, this affidavit entirely failed to address the issue of what is "the rate prevailing in the community for similar services by law-

---

1. Because the parties informed the Court that they were pursuing settlement negotiations regarding reimbursement of plaintiff's expenses generated by Mr. Schwartz' contemptuous con-

duct, this action was placed on the Court's suspense calendar until the parties informed this Court in November 1993 that settlement negotiations had not proven fruitful.

yers of reasonably comparable skill, experience and reputation." *Id.* at 933 (quotation and internal quotation marks omitted).

Instead, plaintiff's counsel argued that this Court should award attorneys' fees at a rate of $275 per hour because this Court previously had approved that hourly rate. On two occasions, plaintiff's counsel represented to this Court: "Plaintiff's counsel has established a billing rate of $275.00 per hour in relation to this case. This hourly rate has previously been discussed before this Honorable Court...." (Letter from Louis Venezia to the Honorable David N. Edelstein, September 16, 1993, Ex. at 5); (Plaintiff's Letter Brief, November 19, 1993, Ex. at 2.) Moreover, in the affidavit that plaintiff's counsel submitted regarding whether the $275 per hour rate was reasonable, plaintiff's counsel stated that this rate was reasonable in light of the fact that "this Honorable Court did not find our previous hourly rate (at that time the rate was $225) to be unreasonable." (Affidavit of Louis Venezia, June 5, 1995, at 5.)

Although plaintiff's attorney twice represented that this Court previously had approved the rate of $275 per hour, he failed to support either representation with any evidence or with a citation to any transcript, Opinion, or Order of this Court. Moreover, counsel did not argue—as he does now—that this Court should adopt the rate of $275 per hour as the law of the case.

In contrast, Schwartz's attorney submitted an affidavit that directly addressed this issue and that concluded that the prevailing market rate in the community for such services is "within the range of between $150 per hour to $175 per hour." (Affidavit of Martin Nardi Gamliel, June 5, 1995, at 8.) Based on the parties' respective submissions and this Court's knowledge of rates charged for comparable services in the community, this Court found that plaintiff's attorney's reasonable hourly rate is $150 per hour. *Weitzman,* 891 F.Supp. at 933.

In addition, in this Court's June 29, 1995, Opinion and Order this Court noted plaintiff's counsel's statements regarding his claimed hourly rates of $275 and $225 for three reasons:

First, plaintiff's argument that this Court previously expressed approval for an hourly rate of $275 does not satisfy the requirement that plaintiff submit evidence to the Court regarding "the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Miele,* 831 F.2d at 409 (quoting *Blum,* 465 U.S. at 896 n. 11). Second, the statement that the sum of $275 was previously discussed before this Court is inaccurate. Although plaintiff's attorney has submitted the transcript of a hearing in which the sum of $225 per hour was mentioned, the sum of $275 was never discussed. Third, plaintiff's attorney's suggestion that this Court expressed approval for the rate of $225 per hour is misleading. Having reviewed the transcript, this Court does not believe that it can fairly be interpreted as expressing any approval of the rate of $225 per hour. Moreover, while plaintiff's counsel is correct in noting that this Court did not find that the claimed rate was unreasonable, this Court also did not find that the rate was reasonable. This Court simply made no finding regarding whether plaintiff's proposed rate of $225 was reasonable. Plaintiff's attorney's suggestion that this previously Court expressed approval of his hourly rate treads upon the line that separates overzealous advocacy from affirmative misrepresentation.

*Weitzman,* 891 F.Supp. at 933–34.

In the June 29, 1995, Opinion and Order, this Court also held that plaintiff was not entitled to recover her costs in appealing this Court's August 10, 1995, Memorandum and Order. While the issue of whether plaintiff was entitled to recover her costs on appeal appeared to be an issue of first impression in this circuit, this Court noted that other circuits had split on this issue. *See Id.* at 934–35; *compare Lander v. Morton,* 518 F.2d 1084, 1088 (D.C.Cir.1975) ("Expenses relating to appeal should not be included in any award of compensation.") *and Nelson v. Steiner,* 279 F.2d 944, 948 (7th Cir.1960) (costs on appeal not included in reasonable costs of prosecuting contempt) *with Schauffler v. United Ass'n of Journeymen & Apprentices,* 246 F.2d 867, 870 (3d Cir.1957)

("Because it was the order of the district court which was violated, that court may assess costs of litigation in the contempt proceedings regardless of the court in which the expenses were incurred."). This Court found that even if this Court were to apply the Third Circuit rule, which permits a district court to award costs on appeal, this Court would deny plaintiff costs incurred on appeal.[2] *Id.* at 935. This Court reasoned that because case law in this circuit teaches that a civil-contempt fine is analogous "to a tort judgment for damages caused by wrongful conduct," *Vuitton*, 592 F.2d at 130, plaintiff would only be entitled to recover the costs that were caused by Schwartz's wrongful conduct. *Weitzman*, 891 F.Supp. at 935. This Court found that plaintiff's costs in appealing this Court's August 10, 1995, Memorandum and Order were not caused by Schwartz's wrongful conduct. *Id.* Rather, plaintiff needed to appeal this Court's August 10, 1994, Memorandum and Order because that Memorandum and Order misapplied the law in this circuit. *Id.* Accordingly, this Court found that even if this Court had the discretion to award plaintiff her costs on appeal, this Court would not exercise that discretion in the instant case. *Id.*

On November 6, 1995, plaintiff's counsel filed a Notice of Motion with four attached exhibits, stating that plaintiff would move this Court for "an Order pursuant to F.R.C.P. 60(b) granting plaintiff leave to reargue her request for attorneys' fees." (Plaintiff's November 6, 1995, Notice of Motion.) On November 9, 1995, this Court filed an Order that denied plaintiff's motion without prejudice because plaintiff failed to submit a memorandum of law with her motion, thereby violating Local Civil Rule 3(b) and this Court's Individual Rule 4(a). *Weitzman v. Stein*, 70 Civ. 4037 (DNE) (S.D.N.Y. Nov. 9, 1995) (order denying Rule 60(b) motion).

On November 15, 1995, plaintiff filed the instant Rule 60(b) motion, in which plaintiff contends that this Court erred in failing to calculate attorneys' fees at the rate of $275 per hour. In support of this motion, plaintiff

has submitted an Order of this Court, dated March 22, 1989, in which this Court ordered that defendant pay plaintiff's attorney for attending defendant's medical examination, and that plaintiff's attorney be paid at a rate of $275 per hour. *Weitzman v. Stein*, 70 Civ. 4037 (DNE) (S.D.N.Y. March 22, 1989) (order regarding medical examination). This Court issued the March 22, 1989, Order because defendant Sidney Stein travelled to Florida, in violation of a previous Order of this Court that he remain in Manhattan. *Id.* Stein contended that a medical condition precluded him from returning to Manhattan. *Id.* Plaintiff challenged Stein's contention, and plaintiff's attorney sought to attend a medical examination of Stein. *Id.* This Court ordered, *inter alia*, "that the defendant shall pay the expenses and legal fees of counsel for plaintiff (at the rate of $275 per hour) for plaintiff's counsel to be present during said medical examination." *Id.* at 2.

Plaintiff's counsel, Louis Venezia, failed to submit the March 22, 1989, Order with his September 16, 1993, letter, his November 19, 1993, letter brief, or his June 5, 1995, affidavit. Mr. Venezia explains, however, that he did not believe that it was necessary to submit this Order because his representation that this Court had approved the rate of $275 per hour "was based on a clear recollection that the rate had been discussed with this Court." (Affidavit of Louis Venezia, November 15, 1995, at 2.) Moreover, Mr. Venezia asserts that because "[t]rying to locate the document was tantamount to finding a needle in a haystack," he "relied upon his recollection." *Id.* at 2–3. Because plaintiff now has produced the March 22, 1989, Order, in which this Court approved the rate of $275 per hour, plaintiff argues that this Court should adopt the $275 per hour rate as the law of the case.

Moreover, plaintiff argues "in the event that this Court's belief that [Mr. Venezia's] representations '[treaded] upon the line that separates overzealous advocacy from affirmative misrepresentation' may have had a significant impact upon so much of the Order

---

**2.** Obviously, if this Court followed the precedent in the Seventh Circuit and the District of Columbia Circuit, which bars recovery of costs on appeal, plaintiff would not be entitled to recover her costs on appeal. *Lander,* 518 F.2d at 1088; *Nelson,* 279 F.2d at 948.

that dealt with awarding attorneys' fees on appeal, [plaintiff] respectfully request[s] that said issue also be reconsidered in view of the fact that [Mr. Venezia's] recollection was both honest and accurate." (Plaintiff's Memorandum of Law in Support of Rule 60(b) Motion ("Plaintiff's Memo") at 3.) Plaintiff argues that a party prosecuting a contempt is entitled to full compensation and that full compensation in the instant case includes plaintiff's costs on appeal. *See id.* at 3–4. Plaintiff's attorney concludes his memorandum with a rhetorical flourish, likening plaintiff to Job and this Court to God. *Compare id.* at 4 ("the Court has given with one hand and taken away with the other") *with 1 Job* 21 ("the Lord gave, and the Lord hath taken away; blessed be the name of the Lord").

On November 30, 1995, Schwartz filed an affidavit in opposition to the instant motion. Although this affidavit fails to address the issue of plaintiff's costs on appeal, Schwartz argues that reargument must be denied on the issue of plaintiff's attorney's hourly rate for several reasons. "[F]irst, to the best of my recollection, no hearing was ever conducted by this court relative to the propriety of plaintiff's counsel's hourly rate; moreover, no submission of market rate analysis justifying this exorbitant rate was ever made by plaintiff's counsel." (Affidavit of Barry S. Schwartz, November 30, 1995, at 2.) Second, because plaintiff brought the motion seeking attorney's fees, it was incumbent on plaintiff's counsel to produce documentary evidence regarding these attorney's fees. *Id.* Third, "[p]laintiff's counsel brazenly avoids any justification of his exorbitant rate by the required 'prevailing market rate in the relevant community' standard, even though this court, at p. 13 of the order dated June 29, 1995, ... ha[d] ruled that even if it did express approval of this rate, plaintiff was still obligated to present a market rate analysis." *Id.* Fourth, although plaintiff claims that she has not been fully compensated for her costs of prosecuting Schwartz's contempt, "plaintiff has failed to produce any proof that she ever paid, or was obligated to pay her counsel at the rate of $275 per hour." *Id.* at 2–3.

### DISCUSSION

Pursuant to Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for" any one of the six reasons specified in Rule 60(b)(1)–(6). Although Rule 60(b) lists six different grounds on which relief may be granted, plaintiff's counsel failed to indicate on which of these grounds the instant motion is predicted. Plaintiff's Notice of Motion simply labels the instant motion as a motion "pursuant to F.R.C.P. 60(b)." Moreover, neither plaintiff's attorney's affidavit nor plaintiff's memorandum of law sheds any light on this question.

■ Although plaintiff's counsel has failed to specify on which subsection of Rule 60(b) the instant motion is predicated, the instant motion can only be interpreted as falling under either Rule 60(b)(1) or Rule 60(b)(6). Rule 60(b)(1) permits a court to relieve a party of an order because of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) is a catchall provision that permits a court to grant a Rule 60(b) motion for "any ... reason justifying relief." "Clause (6) provides 'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses [of Rule 60(b) ].' " *Transaero v. La Fuerza Area Boliviana,* 24 F.3d 457, 461 (2d Cir.1994) (quoting 7 Moore's Federal Practice ¶ 60.27[2] (2d ed. 1993)). Although the Second Circuit has instructed that "[i]n a proper case, [Rule 60(b)(6) ] is to be liberally applied[,] ... relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Id.* (citations, quotation, and internal quotation marks omitted). Under either Rule 60(b)(1) or Rule 60(b)(6), however, plaintiff's motion is entirely devoid of merit.

### 1. PLAINTIFF'S ATTORNEY'S RATE OF $275 PER HOUR

■ Plaintiff contends that because this Court's March 22, 1989, Order approved an hourly rate of $275, under the law-of-the-case doctrine, plaintiff's attorneys' fees in prosecuting Schwartz's contempt should be computed at $275 per hour. Although the law-of-the-case doctrine applies in a number of

different circumstances, *see* 18 Charles A. Wright *et. al.*, Federal Practice & Procedure § 4478 (1981), 1B James W. Moore *et. al.*, Moore's Federal Practice ¶ 0.404[1] (1995), plaintiff invokes this doctrine in the instant motion in support plaintiff's argument that this Court should follow a prior ruling of this Court.

■ "The most distinctive law of the case rules are those that justify refusal by a trial court to reconsider matters once resolved in a continuing proceeding. . . ." 18 Wright *et al.* § 4478. "Although courts are often eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish." *Id.; see also* 1B Moore *et al.* ¶ 0.404[1] ("At the trial court level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment."). As recent case law from the Southern District of New York makes clear, "[a]lthough the 'law of the case' doctrine discourages the reconsideration of matters previously decided 'absent "cogent" or "compelling" reasons,' *Baden v. Koch,* 799 F.2d 825, 828 (2d Cir.1986), the doctrine is discretionary and 'does not constitute a limitation on the court's power.'" *Conrad v. Beck–Turek, Ltd., Inc.,* 891 F.Supp. 962, 967 (S.D.N.Y.1995) (quoting *United States v. Birney,* 686 F.2d 102, 107 (2d Cir.1982)); *see May Dep't Stores Co. v. International Leasing Corp., Inc.,* No. 88 Civ. 4300 (CSH), 1995 WL 656986 at *2 (S.D.N.Y. Nov. 8, 1995). Thus, Justice Holmes's eighty-three year old statement that this doctrine "merely expresses the practice of courts generally to refuse to re-open what has been decided, not a limit to their powers," *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912), continues to apply today.

In the instant case, plaintiff's counsel's law-of-the-case argument is meritless because there is both a cogent and compelling reason to adhere to the market-rate analysis that this Court undertook in its June 29, 1995, Opinion and Order. This reason is that the June 29, 1995, Opinion and Order contains the market-rate analysis mandated by Second Circuit precedent, *see Saulpaugh,* 4

F.3d at 145, while the March 22, 1989, Order does not. In keeping with this precedent, prior to issuing the June 29, 1995, Opinion and Order, this Court directed each party to submit papers addressing the issue of whether plaintiff's counsel's claimed hourly rate of $275 was reasonable, and this Court carefully reviewed these submissions. In contrast, there is no indication that this Court performed a market-rate analysis before issuing the March 22, 1989, Order, which merely addressed the minor discovery issue of compensating plaintiff's attorney for attending a medical examination. Moreover, plaintiff's attorney does not argue that this Court conducted a market-rate analysis prior to issuing the March 22, 1989, Order, and he does not argue that he submitted any evidence to this Court in 1989 regarding whether his claimed hourly rate of $275 was the "rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Miele,* 831 F.2d at 409 (quoting *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). Thus, plaintiff's counsel asks this Court to abandon the calculations in the June 29, 1995, Opinion and Order—which followed the market-rate analysis mandated in this circuit—and to substitute the figure adopted in the March 22, 1989, Order—which apparently was not based on any market-rate analysis.

■ Moreover, plaintiff's counsel's argument contradicts a major policy underlying the law-of-the-case doctrine, namely facilitating judicial economy by permitting a "logical progression toward judgment." 1B Moore *et al.* ¶ 0.404[1]. The law-of-the-case doctrine promotes judicial economy by permitting a court to refuse to revisit an issue that the court already has decided. In the instant case, however, plaintiff's counsel did not seek to promote judicial economy by raising his law-of-the-case argument prior to this Court's June 29, 1995, Opinion and Order. Rather, only after this Court had ruled that his reasonable hourly rate was $150, did plaintiff's attorney either raise the law-of-the-case argument or submit the March 22, 1989, Order. Thus, plaintiff's counsel has turned the law-of-the-case doctrine on its head, using it in the instant motion to seek to

**194**

reargue an issue that was decided by this Court on June 29, 1995, instead of raising this argument six months ago when this Court first considered the issue of plaintiff's attorney's reasonable hourly rate. Indeed, this Court's June 29, 1995, Opinion and Order is now the law of the case, and this fact alone justifies denying the instant motion. Far from promoting judicial economy, the instant motion has further prolonged and complicated the instant litigation, which the Second Circuit has described as an "imbroglio, currently in its third decade." *Weitzman v. Stein,* Nos. 94–7895(L), 94–7943 at 3, 57 F.3d 1063 (2d Cir.1995).

It must be noted that despite repeated opportunities to do so, plaintiff's counsel has yet to submit evidence regarding whether his claimed hourly rate of $275 is the "rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Miele,* 831 F.2d at 409 (quoting *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547). Plaintiff's counsel failed to submit any evidence regarding his hourly rate with either his September 16, 1993, letter, or his November 19, 1993, letter brief. Moreover, although plaintiff's counsel's June 5, 1995, affidavit details his experience, it does not address the issue of what is the prevailing rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* In addition, plaintiff's counsel did not submit a market-rate analysis with his November 6, 1995, motion papers, which violated the Local Rules for the Southern District of New York and this Court's Individual Rules.

In the instant motion, plaintiff's attorney again fails to submit a market-rate analysis. This latest failure is remarkable in light of the fact that this Court's June 29, 1995, Opinion and Order states that "plaintiff's argument that this Court previously expressed approval for an hourly rate of $275 does not satisfy the requirement that plaintiff submit evidence to the Court regarding 'the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."'" *Weitzman,* 891 F.Supp. at 933–34 (quoting *Miele,*

831 F.2d at 409 (quoting *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547)). Instead of submitting a market-rate analysis, plaintiff's attorney has chosen to reargue an issue that was expressly rejected in this Court's June 29, 1995, Opinion and Order. Indeed, plaintiff's attorney fails to mention the fact that this Court previously has rejected this very argument, choosing instead to ignore the wording of that Opinion. In view of plaintiff's attorney's actions in the instant case, it is astounding that he predicates the instant motion on a doctrine that was designed to promote the efficient and logical progression of litigation.

Under Rule 60(b)(1), plaintiff would qualify for relief if this Court's failure to award attorney's fees at an hourly rate of $275 were the result of "mistake, inadvertence, surprise, or excusable neglect." This Court holds that the decision to reject plaintiff's attorney's claimed $275 hourly rate was entirely appropriate, and accordingly, plaintiff's rule 60(b)(1) motion should be denied.

Under Rule 60(b)(6), plaintiff would qualify for relief if the equities in the instant case justified granting plaintiff attorneys' fees at a rate of $275 per hour. As the foregoing discussion makes painfully clear, however, the equities in the instant case are not on plaintiff's side, and accordingly plaintiff's Rule 60(b)(6) motion should be denied.

### 2. *PLAINTIFF'S COSTS ON APPEAL*

Plaintiff also argues that this Court should reconsider the portion of the June 29, 1995, Opinion and Order that declined to award plaintiff the costs she incurred in appealing this Court's August 10, 1994, Opinion and Order. Plaintiff's counsel argues that "in the event that this Court's belief that [Mr. Venezia's] representations '[treaded] upon the line that separates overzealous advocacy from affirmative misrepresentation' may have had a significant impact upon so much of the Order that dealt with awarding attorneys' fees on appeal, [plaintiff] respectfully request[s] that said issue also be reconsidered in view of the fact that [Mr. Venezia's] recollection was both honest and accurate." (Plaintiff's Memo at 3.) Plaintiff's counsel argues that plaintiff is entitled to full compensation for her costs of prosecuting

Mr. Schwartz's contempt, and that these costs include costs on appeal. *See id.* at 3–4.

Plaintiff's argument is meritless because this Court's decision to deny plaintiff costs on appeal was based solely on this Court's interpretation of relevant case-law, and it was not influenced by this Court's view of Mr. Venezia's conduct. In fact, this Court took great pains to ensure that Mr. Venezia's conduct—which this Court continues believe was inappropriate—did not influence this Court's judgment or prejudice plaintiff.

As previously noted, this Court's June 29, 1995, Opinion and Order recognizes that there is a split in the circuits on the issue of whether a party prosecuting a contempt is entitled to recover costs incurred on appeal. *Weitzman,* 891 F.Supp. at 934–35. This Court reasoned that even if this Court were to follow the Third Circuit rule, which permits a party to recover costs on appeal at the discretion of the district court, an award of costs on appeal was not warranted in the instant case. *Id.* at 935. This Court cited a Second Circuit case that states that a civil-contempt fine is analogous "to a tort judgment for damages caused by wrongful conduct." *Vuitton,* 592 F.2d at 130. Applying the analogous tort-law theory, this Court reasoned that plaintiff was only entitled to recover the costs that were caused by Schwartz's wrongful conduct, and that plaintiff's costs on appeal were not caused by Schwartz's wrongful conduct. *Weitzman,* 891 F.Supp. at 935. As previously stated, this Court found that plaintiff needed to appeal this Court's August 10, 1995, Memorandum and Order because that Memorandum and Order misapplied the law of this circuit.

In arguing that plaintiff is entitled to recover her costs on appeal, plaintiff's counsel, once again, ignores the wording of this Court's June 29, 1995, Opinion and Order. The brief that plaintiff's counsel submitted in support of the instant motion entirely fails to discuss the fact that the circuits have split on the issue of whether a party is entitled to recover costs on appeal. Moreover, plaintiff's counsel fails to address this Court's reasoning that plaintiff is not entitled to recover costs on appeal because plaintiff's appeal of this Court's August 10, 1994, Opinion

and Order cannot be attributed to Schwartz's wrongful conduct. In fact, although plaintiff's counsel cites *Vuitton,* and argues that this case requires this Court to compensate plaintiff for her costs on appeal, (Plaintiff's Memo at 3–4), he fails to explain how his interpretation of *Vuitton* can be reconciled with the case's statement that a civil-contempt fine is analogous "to a tort judgment for damages caused by wrongful conduct." *Id.* at 130.

Furthermore, plaintiff's counsel has misread and misinterpreted the portions of this Court's June 29, 1995, Opinion and Order that criticize him. Plaintiff's counsel incorrectly asserts that this Court stated "that [Mr. Venezia's] *representations* '[treaded] upon the line that separates overzealous advocacy from affirmative misrepresentation.' " (Plaintiff's Memo at 3 (quoting *Weitzman,* 891 F.Supp. at 934.) (emphasis added).) In fact, this Court stated that Mr. Venezia's "suggestion" that a transcript that he submitted expressed approval for an hourly rate of $225 was inaccurate because "this Court does not believe that [the transcript] can fairly be interpreted as expressing any approval of the rate of $225 per hour." *Weitzman,* 891 F.Supp. at 934. Thus, Mr. Venezia incorrectly claims that June 29, 1995, Opinion and Order spoke of multiple "representations," when, in fact, it spoke of single "suggestion."

Moreover, this Court chose the wording of the June 29, 1995, Opinion carefully and specifically avoided using the word "representation." This Court selected the word "suggestion" because Mr. Venezia never explicitly stated that this Court had approved the hourly rate of $225. Rather, Mr. Venezia argued that this Court should approve his claimed hourly rate of $275 because at an earlier stage of this case "this Honorable Court did not find our … hourly rate (at that time the rate was $225) to be unreasonable." (Affidavit of Louis Venezia, June 5, 1995, at 5.) Thus, although Mr. Venezia did not *represent* that this Court had approved the rate of $225 per hour, he certainly *suggested* that this Court had approved that rate. As this Court's June 29, 1995, Opinion and Order states, however, this suggestion

was inappropriate: "while plaintiff's counsel is correct in arguing that this Court did not find that the claimed rate was unreasonable, this Court also did not find that the rate was reasonable. This Court simply made no finding regarding whether plaintiff's proposed rate of $225 was reasonable." *Weitzman,* 891 F.Supp. at 934. Hence, the June 29, 1995, Opinion and Order warned Mr. Venezia that it was inappropriate for him to have suggested that this Court had approved a $225 hourly rate. It is ironic that based on a misreading and misinterpretation of the June 29, 1995, Opinion and Order, Mr. Venezia now asserts that this warning was unfair.

Under Rule 60(b)(1) plaintiff would qualify for relief if this Court's failure to award costs on appeal were the result of "mistake, inadvertence, surprise, or excusable neglect." This Court holds that this Court's decision to deny plaintiff costs on appeal was entirely appropriate, and accordingly, plaintiff's Rule 60(b)(1) motion should be denied.

Under Rule 60(b)(6), plaintiff would qualify for relief if the equities in the instant case justified granting plaintiff costs on appeal. This Court finds that the equities in the instant case are not on plaintiffs side, and accordingly, plaintiff's Rule 60(b)(6) motion should be denied.

## CONCLUSION

Plaintiff's Rule 60(b) motion is DENIED WITH PREJUDICE. SO ORDERED.